IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | 1:17cr101-HSO-JCG-1 <br> 1:21cv53-HSO |
| | § § | |
| THARON JAMELL TAYLOR | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT THARON JAMELL TAYLOR'S MOTION [123]
TO REOPEN 28 U.S.C. § 2255 MOTION [99]**

BEFORE THE COURT is Defendant Tharon Jamell Taylor's Motion [123] to Reopen 28 U.S.C. § 2255 Motion [99], which he purports to file pursuant to Federal Rule of Civil Procedure 60(b)(6). After due consideration of the Motion [123], the record, and relevant legal authority, the Court is of the opinion that Taylor's Motion [123] to Reopen should be denied.

I. FACTS AND PROCEDURAL HISTORY

On February 20, 2018, Defendant Tharon Jamell Taylor ("Defendant" or "Taylor") pled guilty to Count One of the Indictment in this case, which charged Taylor and his co-Defendant Deandrae Damonn Washington with conspiracy to possess with intent to distribute methamphetamine, as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. *See* Indictment [10] at 1; Min. Entry, Feb. 20, 2018. The Court sentenced Taylor to 295 months of imprisonment, followed by five years of supervised release. *See* J. [56] at 2-3.

On direct appeal, Taylor challenged this Court's application of two sentencing enhancements under the United States Sentencing Guidelines ("U.S.S.G."), one at

§ 2D1.1(b)(1) for possession of a dangerous weapon, and the second at § 2D1.1(b)(5) for importation of methamphetamine.  The Fifth Circuit found no error in their application and affirmed the Judgment.  *See* Op. [78].[1]

Taylor then filed a Motion [99] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance of trial and appellate counsel, that his appeal waiver should not be enforced, and that the Court erred in applying the Sentencing Guidelines.  *See* Mot. [99] at 4-8.  The Court denied the § 2255 Motion [99], entered a Final Judgment [113], and denied a Certificate of Appealability [114] on April 22, 2022.  Taylor appealed, but the appeal was dismissed as of August 3, 2022, for want of prosecution and for failure to timely pay the filing fee.  *See* Order [117] at 1.

Taylor has now filed a Motion [123] to Reopen his § 2255 Motion, citing Federal Rule of Civil Procedure 60(b)(6).  *See* Mot. [123] at 1.  Taylor executed his Motion [123] to Reopen on October 31, 2023, and it was received and docketed by the Clerk of Court on November 3, 2023.  *See* Mot. [123] at 1, 4.

## II.  DISCUSSION

A.   Relevant legal standards

A prisoner may only file one motion to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255 as of right, as

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

---

[1] Taylor filed a second appeal of the Court's December 2, 2020, Text Order, which denied a request for extension of time for him to file a motion pursuant to 28 U.S.C. § 2255.  *See* Notice [96].  That appeal was dismissed for want of prosecution.  *See* Doc. [100].

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The lack of such authorization is a jurisdictional bar to the district court's consideration, and a district court may dispose of applications lacking authorization through dismissal." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (footnotes omitted). Alternatively, the district court may transfer the petition to the Fifth Circuit for its consideration of whether to authorize the successive petition. *See id.* at 686-89.

B. <u>Analysis</u>

Although Taylor's Motion [123] is purportedly brought under Rule 60(b), in substance it seeks to vacate Taylor's sentence rather than reopen his § 2255 proceedings. *See* Mot. [123]. "However, Rule 60(b) is not a proper vehicle for challenging a criminal judgment; rather, challenges to a criminal judgment are properly brought under § 2255." *United States v. Williams*, 841 F. App'x 745, 746 (5th Cir. 2021). Rule 60 does not apply in criminal proceedings, *United States v. Rico*, 797 F. App'x 176, 176 (5th Cir. 2020), and if a Rule 60(b) motion seeks "substantive relief on the basis of claims unsuccessfully raised in prior § 2255 motions, the district court properly construe[s] it as an unauthorized successive § 2255 motion," *Williams*, 841 F. App'x at 746. Where a Rule 60(b) motion challenges a conviction and sentence on grounds that a defendant could have raised in his prior § 2255 motion, it is also properly construed as an unauthorized

3

successive § 2255 motion. *Rico*, 797 F. App'x at 176. Without authorization from the Court of Appeals to file the successive motion, the district court lacks jurisdiction to entertain it. *Id.*; *Williams*, 841 F. App'x at 746; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (holding state habeas petitioner's motion seeking vindication a claim of constitutional error, though labeled a Rule 60(b) motion, was in substance a habeas petition and should be treated as a successive one requiring precertification by the court of appeals).

Taylor argues that the Court should resentence him, disregarding the purity of the methamphetamine he conspired to possess, since he argues that his base offense level would be lower if the Court had applied the one applicable to "methamphetamine" rather than the one applicable to "methamphetamine (actual)" in the drug quantity table located at U.S.S.G. § 2D1.1 (2016). Mot. [123] at 3. This argument is an attempt to challenge Taylor's criminal judgment, which is not a proper use of Rule 60.[2] *See Williams*, 841 F. App'x at 746; *Rico*, 797 F. App'x at 176. Taylor's Motion [123] to Reopen constitutes an unauthorized second or successive § 2255 Motion because it raises grounds that were unsuccessfully raised, or could have been raised, in his first § 2255 Motion, and it will be denied for failure to obtain precertification from the Fifth Circuit. *See* 28 U.S.C. § 2255(h); *Fulton*, 780 F.3d at 686; *Williams*, 841 F. App'x at 746; *Rico*, 797 F. App'x at 176.

---

[2] Taylor has also filed a Motion [124] for Compassionate Release under the First Step Act which the Court will consider separately.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Tharon Jamell Taylor's Motion [123] to Reopen his 28 U.S.C. § 2255 Motion [99] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of April, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE