IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | 1:17cr101-HSO-JCG-1 |
| THARON JAMELL TAYLOR | § | |

**ORDER DENYING DEFENDANT THARON JAMELL TAYLOR'S
MOTION [124] FOR COMPASSIONATE RELEASE**

**BEFORE THE COURT** is Defendant Tharon Jamell Taylor's Motion [124] for Compassionate Release.  For the reasons that follow, the Motion [124] should be denied.

I. BACKGROUND

A.   Taylor's conviction and sentence

Pursuant to a Plea Agreement [43] with the Government, on February 20, 2018, Defendant Tharon Jamell Taylor ("Defendant" or "Taylor") pleaded guilty to Count 1 of the Indictment [10] in this case, which charged that he and his co-Defendant Deandrae Damonn Washington ("Washington"), "did knowingly and intentionally conspire, with each other and others known and unknown to the Grand Jury to possess with intent to distribute methamphetamine, a Schedule II narcotic controlled substance," in violation of 21 21 U.S.C. §§ 841(a)(1) and 846. Indictment [10] at 1.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").  *See* PSR [53] (filed under

seal).  In determining Taylor's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the PSR considered the types and quantities of drugs attributable to Taylor and found him responsible for 4,232.7 grams of methamphetamine (actual), resulting in a base offense level of 36.  *Id*. at 7-8 (citing U.S.S.G. § 2D1.1(c)(5) (2016)).

Because Taylor possessed a dangerous weapon, namely a stolen Glock Model 36 .45 caliber pistol found in his bedroom, two levels were added under § 2D1.1(b)(1) (2016), and because the offense involved the importation of methamphetamine, a two-level enhancement was applied under § 2D1.1(b)(5) (2016).  *Id.*  After a three-level reduction for acceptance of responsibility, Taylor's total offense level was calculated as 37.  *Id.* at 8-9.  Taylor had a criminal history score of six, but a maximum of four points were counted under § 4A1.1(c) (2016), and with four criminal history points, he was placed in a criminal history category of III, *see id.* at 13, yielding a Guidelines imprisonment range 262 to 327 months, *see id.* at 19.  Taylor's counsel raised certain objections to the PSR, but at the sentencing hearing, the Court overruled them and found the Guidelines range had been properly calculated.  *See* Tr. [75] at 23.  On June 26, 2018, the Court sentenced Taylor to a 295-month term of imprisonment, followed by five years of supervised release.  *See* Min. Entry, June 26, 2018; J. [56] at 2-3.

Taylor filed a direct appeal, *see* Notice [60], which was dismissed for want of prosecution, *see* Order [100].  He then filed a Motion [99] to Vacate under 28 U.S.C.

§ 2255, which the Court denied. *See* Order [112]; J. [113]. Taylor's appeal of that Order [112] was dismissed for failure to timely pay the filing fee. *See* Order [117].

Taylor, who is now 34 years old, is presently incarcerated at Federal Correctional Institutional ("FCI") Yazoo City in Yazoo City, Mississippi. *See* Reply [131-2] at 1; PSR [53] at 2 (filed under seal). With a projected release date of December 16, 2038, he has served approximately 40% of his sentence. *See* J. [56] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 12/16/2036" for Tharon Jamell Taylor, Register Number: 20439-043) (last visited Apr. 10, 2024).

B.  Taylor's Motion [124] for Compassionate Release

Proceeding pro se, on November 3, 2023, Taylor filed a Motion [124] for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).[1] *See* Mot. [124]. He argues that prior conspiracy charges or attempted crimes cannot be used to enhance a sentence; that he was entrapped by police and never had actual possession of the methamphetamine; that officers allegedly performed an unlawful warrantless search of the apartment where they found the drug paraphernalia and the pistol;[2] that he should have only been held responsible for methamphetamine "mixture," rather than methamphetamine (actual), such that his base offense level should have been 30 rather than 36; and that his counsel was ineffective because he was coerced

---

[1] Also on November 3, 2023, Taylor filed a Motion [123] to Reopen his § 2255 Motion [99]. *See* Mot. [123]. The Court has already denied that Motion [123].

[2] Regarding the 2017 search of the apartment, Taylor cites the possibility of a police officer being held liable under 42 U.S.C. § 1983. *See* Mot. [124] at 13. This is not a civil § 1983 case, nor is any police officer named as a party. *See id.* Therefore, the Court need not address such claims here.

3

into pleading guilty by assurances that the gun enhancement would be dropped if he pled guilty. *See id.* at 9-17.

The Government opposes the Motion [124], arguing that Taylor has not shown any extraordinary and compelling reasons justifying his release, Resp. [129] at 2, and that Taylor cannot use a Motion [124] for Compassionate Release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors," *id.* at 3 (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)). Even if Taylor could seek compassionate release, the Government maintains that the relevant factors set forth at 18 U.S.C. § 3553(a) weigh against it. *Id.* at 4.

Taylor replies that he has presented extraordinary and compelling reasons justifying his compassionate release, including intervening changes in the law and the Government's failure to lab test the drugs. Reply [131] at 2-3. He contends that the § 3553 factors also weigh in favor of early release. *See id.* at 4-5, 8-9. Taylor represents that he has obtained his Graduate Equivalency Degree ("GED"), *id.* at 4; "continues to participate in post-sentencing rehabilitation," *id.*; "has not incurred any conviction or meaningful infractions while in prison these past three years of incarceration," *id.*; has a "lack of criminal history," *id.* at 5; and has "family support," *id.*

II.  DISCUSSION

A.  Relevant legal authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

> The Fifth Circuit has held that
>
> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The applicable Sentencing Commission policy statement provides that extraordinary and compelling reasons may exist when certain circumstances, alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b) (2023). Those include certain medical conditions of the defendant; defendant being housed at a facility affected, or at imminent risk of being infected, by an ongoing outbreak of an infectious disease or a public health emergency; defendant's age and "experiencing a serious deterioration in physical or mental health because of the aging process"; defendant's family circumstances; defendant being a victim of abuse; or other reasons that "are similar in gravity." U.S.S.G. § 1B1.13(b)(1)-(5) (2023).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c) (2023). But if a defendant is able to establish that an extraordinary and compelling reason warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual

6

that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.* Similarly,

> [p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d) (2023).

In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

B.  Analysis

The Government has not raised any failure-to-exhaust on the part of Taylor, *see* Resp. [129], so the Court proceeds to consider Taylor's Motion [124] on its merits. But, as the Government argues, to the extent the Motion raises claims in the province of a direct appeal or a motion pursuant to 28 U.S.C. § 2255, Taylor "cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187; *see* Resp. [129] at 3 (citing *Escajeda*, 58 F.4th at 187); *see also United States v. Deem*, No. 23-30419, 2024 WL 1531436, at *1 (5th Cir. Apr. 9, 2024) ("The arguments Deem makes challenging the validity of his prior state conviction as a child-sex offender, the validity of his instant conviction for distribution of child pornography under 18 U.S.C. § 2252A(a)(2), and the use of his

7

prior state conviction to enhance the statutory sentencing range in this case under § 2252A(b)(1) are not the proper subject of a § 3582(c)(1)(A) motion . . . , and we do not consider them." (citing *Escajeda*, 58 F.4th at 187)).

To the extent that Taylor's claims can be viewed through the prism of a proper § 3582(c) request, the Court finds no extraordinary and compelling reason justifying a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b) (2023). Taylor raises no grounds concerning his medical circumstances, where he is housed, his age, his family circumstances, being a victim of abuse, or other reasons similar in gravity, as contemplated by the policy statement. *See* Mot. [124]; U.S.S.G. § 1B1.13(b) (2023). Taylor's arguments concerning changes in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," U.S.S.G. § 1B1.13(c) (2023), and as for his statements of post-conviction rehabilitation, *see* Reply [131], at 9, any such rehabilitation "is not, by itself, an extraordinary and compelling reason," U.S.S.G. § 1B1.13(d) (2023). Nor does the Court find that any of the other reasons that Taylor cites constitute extraordinary and compelling reasons warranting a setencne reduction. *See* Mot. [124] at 9-17; Reply [131] at 3-9.

Even if any extraordinary and compelling reasons were present, the § 3553(a) factors weigh strongly against Taylor's release. These factors include, among other things, the nature and circumstances of the offense of conviction and the history of the Defendant, and the need for the sentence imposed to reflect the seriousness of

8

the offense, to afford adequate deterrence, and to protect the public. *See* 18 U.S.C. § 3553(a).

According to the PSR, based upon a total offense level of 37 and a criminal history category of III,[3] Taylor's Guidelines imprisonment range was 262 to 327 months. *See* PSR [53] at 8-9, 19 (filed under seal). The Court sentenced Taylor to a 295-month term of imprisonment, followed by five years of supervised release. *See id.*; J. [56] at 2-3.

Taylor's current projected release date is December 16, 2038, meaning he has roughly 176 months, or 60%, of his sentence left to serve. *See* J. [56] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 12/16/2036" for Tharon Jamell Taylor, Register Number: 20439-043) (last visited Apr. 10, 2024). The Court considers significant the very serious nature of Taylor's offense of conviction and the relatively short length of time he has served. Considering the totality of the record before it, the Court finds that releasing Taylor from incarceration at this time would not reflect the gravity of his offense, protect

---

[3] The PSR also detailed a litany of other criminal conduct that was not counted in determining Taylor's criminal history category. *See* PSR [53] at 9-16 (filed under seal); *id.* at 9-10 (2006 domestic violence arrest, disposition unknown); *see also, e.g., id.* at 11 (guilty in 2013 of providing false identification information to law enforcement); *id.* at 12 (guilty in 2014 of seatbelt violation and driving with suspended driver's license); *id.* (guilty in 2016 of careless driving); *id.* at 13 (guilty in 2016 of improper equipment and resisting arrest); *id.* at 13-14 (2010 simple robbery arrest, no charges filed); *id.* at 14-16 (2015 simple assault arrest and domestic violence, charges dismissed); *id.* (2016 arrest for possession of marijuana, charges pending at time of PSR); *id.* at 14-15 (2016 arrest for simple domestic violence 3rd offense, charges pending); *id.* (2017 arrest for possession of a stolen firearm, charges pending).

the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). Taylor's Motion [124] is not well taken and should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Tharon Jamell Taylor's Motion [124] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of April, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE